In the Matter of MICHAEL SZKOLNIK et al., as Trustees of Common School District No. 8 of the Towns of Seneca, Geneva and Phelps and the City of Geneva, Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— In an article 78 (Civ. Prac. Act) proceeding in which it is sought to compel the State Commissioner of Education to decide an appeal allegedly taken from the action of a school district meeting held pursuant to the provisions of section 1526 of the Education Law for the purpose of determining whether or not Common School District No. 8 of the Towns of Seneca, Geneva, Phelps and the City of Geneva should be consolidated with the city school district of the City of Geneva petitioners appeal from an order of the Supreme Court at Special Term which dismissed the petition upon the merits. Consolidation carried by a close vote. Conceiving themselves aggrieved petitioners, qualified voters and former trustees of the common school district, appealed to the Commissioner alleging irregularities in the conduct of the meeting. Calling attention to his rules of practice governing verification and service, the Commissioner returned the appeal papers. Thereafter petitioners resubmitted the appeal apparently properly verified together with an affidavit showing service of a copy thereof on the Board of Canvass whose acts were challenged. On October 25, 1962 the Commissioner wrote petitioners that the appeal "is now in proper order and before me for consideration." A letter of the same date from the director of the division of law in the State Education Department advised them that the city school district which had not been joined as a party was the proper respondent and that service of the appeal should be made personally upon the president of the Board of Trustees. In an affidavit submitted in opposition to petitioners' application to Special Term the Commissioner explained that when he wrote the letter dated October 25, 1962 he mistakenly assumed that the appeal had been properly served. Relying upon his interpretation of rule 2 of the Rules of Practice promulgated by the Commissioner the director in the months which followed steadfastly maintained that absent such service the Commissioner was without jurisdiction to entertain the appeal and that it could and would not be processed unless and until there was compliance with the indicated procedure. Petitioners with equal vehemence adhered to the position that the rule required service to be made only on the officers whose acts were complained of. The deadlock continued until the early Spring of 1963 when the director notified petitioners that no appeal from the

action of the district school meeting had been perfected or was then pending before the Commissioner. The proceeding resulting in the order appealed from was then instituted. The statute (Education Law, § 310) permits an appeal to the Commissioner by any person conceiving himself aggrieved in consequence of any action by any district school meeting and authorizes and requires him " to examine and decide the same". We think that the preliminary question of jurisdiction is a justiciable one which within the contemplation of the statute he must examine and decide. (See *Matter of Carville* v. *Allen,* 13 A D 2d 866.) If we were to hold otherwise the appellate process would be entirely frustrated by a mere informal disagreement between the Commissioner and a petitioner in respect to the interpretation of a rule of practice. Order reversed and motion to dismiss denied, without costs. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.